### 30844. MEASON et al. v. GILBERT.

INGRAM, Justice.

This case is here to review, by writ of certiorari, the decision of the Court of Appeals reported in 137 Ga. App. 1 (222 SE2d 835) (1975). The issue which prompted this court to grant certiorari is what effect is to be given to an integration clause in a stock purchase agreement that no representations other than those contained in the prospectus induced the purchaser to buy certain securities. The Court of Appeals held the integration clause to be unenforceable.

The purchaser complained that he had been induced to purchase the subject securities because of certain oral fraudulent misrepresentations by the defendants' agent and that the defendants knew or acquiesced in the misrepresentations. The suit was brought under the Georgia Securities Act (Ga. L. 1957, pp. 134 et seq.; former Code Ann. Ch. 97-1[1]) for rescission of a contract for the purchase of a number of shares of the corporation's stock.

The defendants were granted summary judgment in the trial court by virtue of the following provision in the contract for sale of the stock: "The |purchaser| understands and agrees that his purchase hereunder is and will be made solely on the basis of information contained in said prospectus. The |purchaser| further agrees that said prospectus and this purchase agreement contain the entire contract between the |purchaser| and the company and that he relied on no representations, warranties or statements of any kind whatsoever with respect to the company or the shares purchased hereunder not set forth in said prospectus."

We agree with the general treatment by the Court of Appeals of the concept of waiver in a purchase contract of rights accruing under the Securities Act. To allow a purchaser to waive by contract at the time of purchase all violations of the Securities Act would eviscerate the very protections afforded by the statute and such a purported waiver would be void and of no effect.[2] We also agree with the general treatment by the Court of Appeals of the issue of director and officer liability.

But, we do not agree that this particular integration

---

[1]Amended in 1973 (Ga. L. 1973, pp. 1202 et seq.). The circumstances that govern this suit arise prior to April 1, 1974, and the prior law applies. See Ga. L. 1973, pp. 1202, 1259.

[2]We express no opinion about whether the result would be the same in the case of a knowing relinquishment of rights. Cf. Royal Air Properties, Inc. v. Smith, 333 F2d 568 (9th Cir., 1964), and 312 F2d 210 (9th Cir., 1962).

clause can be regarded as a relinquishment or waiver of the purchaser's rights under the Georgia Securities Act. Under this provision, which we regard as a recital of fact concerning what was relied on by the purchaser, the purchaser retains all the rights he has to assert any violations of the securities law. We consider this clause as merely having evidentiary value on the question of whether representations were made to the purchaser inducing the stock purchase other than those contained in the prospectus. This provision in the contract states there were no such representations but the purchaser now says there were representations outside the prospectus which induced the purchase. This creates an issue of fact that cannot be resolved as a matter of law. We also reject the seller's contention that the clause as a matter of law estops the purchaser from raising any alleged oral misrepresentations. If in fact there were representations other than those in the prospectus that induced the purchase, the use or misuse of this type of integration clause might in itself be a "scheme or artifice to defraud" prohibited by the statute. See former Code § 97-112.

This case in its present posture does not present the question of whether the alleged fraudulent misrepresentations induced the purchaser to enter into the contract and more particularly induced him to sign the contract with the integration clause as was the case in *City Dodge, Inc. v. Gardner,* 232 Ga. 766 (208 SE2d 794) (1974).

Former Code Ann. § 97-112 (b) (Ga. L. 1957, pp. 134, 159) made it unlawful "for any person, in connection (with the sale or purchase of securities) . . . either directly or indirectly: (1) to employ any device, scheme or artifice to defraud, or (2) to engage in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon the purchaser or seller." The language in this statute is similar to that contained in the 1934 Federal Securities and Exchange Act anti-fraud provision and Rule 10 b-5.[3] Therefore, the language of cases involving the federal securities law is helpful in deciding this case.

---

[3] 17 CFR § 240-10b-5: "It shall be unlawful . . . (a) to

The First Circuit Court of Appeals dealt with a similar claim in Rogen v. Ilikon Corporation, 361 F2d 260 (1966). The defendant corporation's motion for summary judgment was granted by the trial court on plaintiff's suit for damages for fraudulent nondisclosure under the Securities and Exchange Act and Rule 10 b-5. Plaintiff had been a major shareholder in defendant corporation. He negotiated the sale of his stock with the defendants. In the contract for sale plaintiff and his father signed a release that provided, "that they are fully familiar with the business and prospects of the corporation, are not relying on any representations or obligations to make full disclosure with respect thereto, and have made such investigation thereof as they deem necessary." Id., p. 265.

Subsequent to the execution of the contract, plaintiff alleged that he discovered that he had not been informed about technological advances made by the company nor about negotiations about a major contract that would be of great benefit to the corporation. The alleged non-disclosure was a material one which might reasonably affect the value of the corporation's stock or securities. Id., p. 266. The court reversed the grant of the summary judgment for defendants and stated, "All we hold is that there is enough possibility of a finding for plaintiff on the reliance issue to foreclose our finding nonreliance as a matter of law." Id., p. 268. The release was part of the evidence available to defendant of nonreliance.

A similar position was taken in an SEC decision concerning fraudulent oral statements about a subscription agreement.

"Respondents assert that the purchasers of Elite stock did not rely on any oral representations made to them prior to their purchases, and point out that the purchasers signed subscription agreements provided

employ any device, scheme, or artifice to defraud, . . . (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

them by registrant which contained a conservative description of Elite's proposed business and concluded, 'I ... acknowledge that no representations were made to me other than those contained herein.' In our opinion, the quoted statement is not sufficient to overcome the evidence in the record that false and misleading representations were made to them." The decision went on to say in a footnote that, "to the extent that this provision in the subscription agreement purported to bind any person to waive any rights he might have under the anti-fraud provisions of the Securities Act based on the oral or other misrepresentations, the provision is void." In the Matter of Linder, Bilotti & Co., Inc., 42 SEC Decisions, pp. 407, 408 (1964).

There is also an indication in the SEC decision that the inclusion of such a statement in a contract knowing it to be false might in itself be a deceptive practice and therefore a violation of the law.

Accordingly, we hold that there is a genuine issue of material fact created by the integration clause in this contract on the one hand and the plaintiff's statement on the other as to whether the plaintiff relied on the alleged misrepresentations in purchasing these securities. Therefore, we affirm the reversal by the Court of Appeals of the summary judgments granted in the trial court to the defendants and remand the case for trial.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED
MAY 17, 1976.

*Noell, Bates & Warnes, J. Vincent Cook, Dan A. Aldridge, Jr.,* for appellants.

*Gilbert & Blum, David D. Blum, Marvin W. Sorrells,* for appellee.