## A92A1721. KIDD v. UNGER.
(427 SE2d 82)

JOHNSON, Judge.

Tommy M. Kidd, "legatee/devisee/creditor" of the estate of Lena E. Kidd filed the following documents with the probate court of Wilkes County: "Notice of Claim of Tommy M. Kidd as Creditor Based Upon Contributions to the Estate and Partnership in a Business Enterprise"; "Petition to Compel Executor to Give Sufficient Bond"; "Petition for Immediate Inventory and Appraisement"; "No-

tice of Intent to Harvest Timber"; and a "Notice of Ejectment." William Unger, executor of the estate of Lena Kidd did not file responses to these documents but was represented at a hearing regarding these issues. The probate court dismissed Kidd's claim as a creditor, notice to harvest timber and notice of ejectment for lack of jurisdiction. The petitions for bond and inventory were denied.

Kidd filed a notice of appeal to the superior court. Unger filed a motion to dismiss the appeal only with respect to the claim of Kidd as a creditor, asserting that the probate court did not have subject matter jurisdiction over that claim. Prior to receiving a response to the motion to dismiss, the superior court convened a hearing on the issue and dismissed the entire appeal.

1. In this appeal, Kidd contends that the trial court erred in granting Unger's motion to dismiss because he has an absolute right to appeal a ruling of the probate court to the superior court, a right which includes a de novo review and trial by jury. In the appeal filed in the superior court, the court was asked to consider the issue of subject matter jurisdiction with respect to Kidd's claim as a creditor. "Jurisdiction of a court to afford the relief sought is a matter which should be decided preliminarily, at the outset. Jurisdiction either exists or does not exist without regard to the merit of the case. (Cit.)" *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (4) (279 SE2d 244) (1981).

The probate court correctly refused to entertain Kidd's claim as a creditor against the estate. "In a proceeding between a representative of the estate and an alleged creditor, the probate court has no jurisdiction to decide an issue as to an alleged indebtedness. [Cits.]" *Wausau Ins. Co. v. King*, 191 Ga. App. 329, 330 (381 SE2d 574) (1989). Even though an action by a creditor against an estate could have been initiated in the superior court, the scope of subject matter jurisdiction is not enlarged upon the *appeal* of the case to the superior court. *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972); *Walton v. State*, 197 Ga. App. 263, 264 (1) (398 SE2d 221) (1990). Therefore, the superior court did not err in dismissing Kidd's claim as a creditor without conducting a full hearing on the merits of the case.

HERE

2. Kidd asserts that the superior court erred in considering the motion to dismiss the appeal without allowing the 30 days anticipated by Uniform Superior Court Rule (USCR) 6.2 for a response to be filed to expire and without citation to supporting authority. USCR 6.2 states that: "*Unless otherwise ordered by the judge*, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." (Emphasis supplied.) The presence of the conditional language in the rule clearly gives the trial judge discretion

regarding the period of time by which a party must respond to a motion in a civil case.

In this case it is clear that defendant's motion to dismiss was premised solely on the issue of subject matter jurisdiction, a matter contained wholly within the purview of the pleadings. Since there is no evidence that any matters outside the pleadings were presented, converting the motion to dismiss to a motion for summary judgment, the trial court did not err in failing to allow the 30 days to lapse prior to ruling. See *Cohen v. William Goldberg & Co.*, 202 Ga. App. 172, 182 (6) (413 SE2d 759) (1991) (in which it was noted that even entry of summary judgment without allowing the full 30 days to respond is not per se reversible error, citing *Leverich v. Roddenberry Farms*, 253 Ga. 414 (321 SE2d 328) (1984); *Hart v. Sullivan*, 197 Ga. App. 759 (399 SE2d 523) (1990)). Similarly, Unger's failure to set forth citations of supporting authorities in compliance with USCR 6.1 is not fatal to his motion to dismiss. See *Carlin v. Fuller*, 189 Ga. App. 845, 846 (2) (377 SE2d 877) (1989).

3. As discussed in detail above, Unger's motion to dismiss was limited to Kidd's claim as a creditor. The superior court's original order appears to have dismissed Kidd's appeal in its entirety. Because the order contains no findings of fact or conclusions of law, and because we have no transcript of the hearing, we cannot determine whether the order intended to dismiss only the claim which was the subject of the motion to dismiss or if it intended to dismiss the entire case. To the extent that the order dismisses anything other than the claim as a creditor, it must be reversed and remanded for clarification.

Some months after the notice of appeal to this court and the docketing of the case in this court, the trial court entered a second order, limiting the scope of the ruling to the claim as a creditor was entered and forwarded to this court by the clerk of the superior court as an unauthorized supplement to the record. Kidd filed a motion to strike the second order. Generally a trial court has power to correct mistakes in judgments pursuant to OCGA § 9-11-60 (g). However, "the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979). See *Deans v. Dain Mgmt.*, 201 Ga. App. 466, 468 (411 SE2d 354) (1991). The court's amended order, therefore, cannot be considered for purposes of this appeal.

We have reviewed the trial court's amended order, and it clarifies the ambiguities of the initial order by dismissing only Kidd's claim as a creditor, and achieves precisely the same result as reached above.

This case is hereby remanded to the trial court for consideration of all remaining issues and the court is directed to re-file the amended order when jurisdiction of the case is vested there once again. After the re-entry of the amended order, the aggrieved party can pursue whatever appellate procedures may be available.

*Judgment affirmed in part, reversed in part and remanded with direction. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 15, 1993.

*Michael O. Horgan*, for appellant.
*Jean W. Pierce*, for appellee.