A95A0187. SCHILL v. A. G. SPANOS DEVELOPMENT, INC.
(457 SE2d 204)

BIRDSONG, Presiding Judge.

Appellant Kevin Schill appeals the judgment entered in behalf of appellee A. G. Spanos Development, Inc. d/b/a Harbor Point Apartments. Appellee brought suit in magistrate court for dispossessory

against appellant based on averments of non-payment of rent; appellant filed an answer and asserted a $3,800 counterclaim. The magistrate entered judgment in favor of appellee/plaintiff in the amount of $1,333, dismissed the counterclaim without prejudice, and provided that a writ of possession would issue on April 20, 1990. On April 25, 1990, appellant filed notice of appeal to the state court. Writ of possession was obtained on July 6, 1990, after appellant failed to tender rent into court pursuant to order of the magistrate requiring rent be tendered into court upon appeal. On June 7, 1994, appellant's de novo appeal was heard before a jury in state court and, following presentment of all the evidence, the trial court directed verdict against appellant on his counterclaim and for appellee for accrued rent. Judgment was entered based upon the directed verdict.

Appellant's sole enumeration is that the trial court erred in granting appellee's motion for directed verdict and by denying appellant's motion for directed verdict in view of substantial, relevant, and unrebutted evidence introduced by appellant. *Held*:

1. The standards for granting a motion for directed verdict and a motion for j.n.o.v. are the same. "Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554).

2. "In a de novo appeal of this action from magistrate to state court the issues to be litigated are framed by the claims raised below." *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225). However, "[w]hen a case is on appeal in the state court from a magistrate court, any amendment whether in matter of form or substance may be made which could have been made while the case was in the primary court." (Punctuation omitted.) Id. at 752. It is within the state court's discretion to determine whether issues being therein raised were directly related to issues raised in magistrate court, and are to be properly considered as part of the de novo proceeding. Absent an abuse of discretion we will not reverse the determination of the state court, as a trial judge is vested with discretion in regulating and controlling the business of the court. Cf. *Obiozor v. State*, 213 Ga. App. 523, 527 (4) (445 SE2d 553). Appellant has failed to show that the trial court abused its discretion in sustaining objections to the admission of evidence of damages arising from an alleged wrongful eviction. At the time of appeal to the state court, appellant was still in possession of the premises and no eviction had occurred; the record does not reflect that the pleadings were duly amended to enlarge the scope of appeal to encompass the claim of wrongful eviction. One cannot complain of a verdict, judgment, ruling, or order that his own trial procedure or conduct aided in causing. *Perryman v. Rosenbaum*, 205 Ga. App. 784,

790 (423 SE2d 673).

Also, there was no evidence presented as to the value of any personal property allegedly damaged or destroyed. Although appellant's counsel referred in argument to certain $400 ceiling fans as being fixtures, no evidence was introduced as to the circumstances attendant the installation of the fans or as to the fans' cost; accordingly, no jury issue existed as to this matter.

Appellant has failed to show by the record that the trial court abused its discretion in limiting the testimony of appellant as to the issue of diminished value of the apartment. Admission of evidence lies in the sound discretion of the trial court, and we will not reverse in the absence of a showing of abuse of discretion. See *Roney v. State,* 192 Ga. App. 760, 763 (386 SE2d 412).

It is well settled that " '[t]he question of damages cannot be left to speculation, conjecture and guesswork.' [Cit.] Where a party sues for damages he has the burden of proof of showing the amount of loss in a manner in which the jury or the trial judge in non-jury cases can calculate the amount of the loss with a reasonable degree of certainty." *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512). We agree with the ruling of the trial court that the record in this case contains insufficient evidence to enable a jury to calculate the amount of the loss with a reasonable degree of certainty within the meaning of *Hayes,* supra. Further, as appellant has failed to enumerate as error, to assert in argument specifically, or to cite authority for the claim that a directed verdict was inappropriate on the grounds that the tenant had established entitlement to nominal damages arising from the dispossessory (compare *Bradley v. Godwin,* 152 Ga. App. 782 (3) (264 SE2d 262)), this issue is abandoned on appeal. Court of Appeals Rule 27 (c) (2).

Additionally, after expiration of the original term of the lease, appellant voluntarily elected to remain in possession of the leased premises notwithstanding his knowledge of the construction defect which allowed water seepage into the garage area thereof. The record reveals that on March 16, 1990, appellant wrote a letter to the apartment management stating that his apartment "has severe water leaks and severe water damage," and that the condition has "been ongoing for 10 months." We find that appellant's right of recovery for any damages sustained by water leakage, after midnight of December 31, 1989 (the date of expiration of the original lease term), was waived by his conduct in electing to remain knowingly in possession of the premises beyond said original lease term. See generally *Johnson v. Rogers,* 214 Ga. App. 557, 560 (5) (448 SE2d 710); cf. *Coast Scopitone v. Self,* 127 Ga. App. 124, 127 (3) (192 SE2d 513) (plea of failure of consideration cannot be sustained where note is renewed after knowledge of defects; renewal cuts off all defenses of which maker then had

knowledge). By remaining in the premises knowingly and voluntarily, beyond the original lease period, appellant contributed to any damages he thereafter sustained; moreover, by remaining in the premises beyond the lease term, appellant thereafter implicitly accepted the premises in an "as is" condition. We further observe that the record fails to establish precisely when the various claims of speculative damages arose; there existed no evidence from which the jury even could discern with any reasonable degree of certainty what damages, albeit speculative, occurred before and after midnight of December 31, 1989. See *Hayes*, supra.

Appellant's contentions in support of his enumeration of error are without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 20, 1995 —
RECONSIDERATION DENIED APRIL 10, 1995 — 

Kevin Schill, *pro se.*

*Germano, Kimmey & Cheatwood, J. Steven Cheatwood*, for appellee.

