## A95A2587. MITCHELL et al. v. MITCHELL.
### (469 SE2d 540)

RUFFIN, Judge.

In this contentious case involving five brothers and sisters, Richard Mitchell petitioned the probate court to enjoin his siblings from obstructing a private right of way to his home by maintaining a gate, shooting at him, and other means. See OCGA § 44-9-59. Mitchell lives in the northern most part of five parcels of land which his father deeded to the siblings, and the right of way ("the road") crosses property belonging to two of his brothers. The probate court denied the petition for two reasons. First, the court found that Mitchell had not met the conditions set forth in OCGA § 44-9-59 for removal of the gate because he had not shown " 'uninterrupted use' [of the road] for a seven year period." Further, because OCGA § 44-9-59 addresses the removal of existing obstructions, the court reasoned that it was "preclude[d] from responding to the sporadic acts of harassment and intimidation [committed by the siblings upon Mitchell]. . . . If [Mitchell] is to have relief from needless and improperly motivated harassment, it is the [court's] conclusion[ ] that his only recourse lies with the equitable powers of the Superior Court." Mitchell appealed the denial of his petition to the superior court. After issuing two interim orders and holding a hearing on the matter, the superior court ultimately issued an order which (1) declared that Mitchell owned the five-acre parcel upon which his house was built and that Mitchell's siblings were estopped from denying Mitchell's title to the land; (2) established the right of way Mitchell sought contingent upon Mitchell paying his siblings $200 per year for its upkeep; and (3) ordered the gate removed from the road. The siblings appeal, and for reasons which follow, we affirm in part and reverse in part.

1. In two enumerations of error, the siblings contend the superior court lacked jurisdiction in this matter. Citing *Kidd v. Unger*, 207 Ga. App. 109 (1) (427 SE2d 82) (1993), they contend that because the probate court determined it lacked jurisdiction to consider Mitchell's petition, the superior court had no jurisdiction to hear the appeal from that court. We disagree.

Unlike the plaintiff in *Unger*, Mitchell correctly filed his petition to prevent obstruction of the road in probate court pursuant to OCGA § 44-9-59 (a). The evidence was abundantly clear that the removal of the fence was the crux of Mitchell's petition as that was the primary means by which the road was obstructed, and the probate

court held only that Mitchell had not proved an easement by prescription, a prerequisite for it to order the obstructing gate removed. That the probate court determined it lacked jurisdiction to fashion an equitable remedy to the threats and harassment Mitchell faced is not determinative of its jurisdiction to order the obstructing gate removed. Because the probate court had jurisdiction to consider Mitchell's petition, *Unger* is inapplicable, and the superior court had jurisdiction to hear Mitchell's appeal.

2. The siblings contend the superior court erred in determining that Mitchell owned the property upon which his house is built. Citing *Unger*, supra, they contend the court impermissibly expanded the scope of the underlying controversy to include this issue. Mitchell does not contend that the probate court had jurisdiction to determine boundaries such that jurisdiction was proper in superior court; rather, he argues that the siblings have waived this argument because a party cannot complain on appeal of a ruling which his own conduct aided in causing. See *Schill v. A. G. Spanos Dev.*, 217 Ga. App. 260 (2) (457 SE2d 204) (1995). The transcript demonstrates that Mitchell's attorney began the hearing in superior court by stating that it might become necessary for the court to determine the boundaries of Mitchell's property. Counsel for the siblings did not object to this assertion or to questions by Mitchell's attorney which demonstrated that Mitchell was requesting the court to make such a determination. Furthermore, counsel for the siblings cross-examined Mitchell extensively about the property's boundaries, including questions about surveys of and deeds to the property. The siblings even had their own expert surveyor testify on the subject. Thus, under any other circumstances we would agree that the siblings waived this enumeration of error. Id.

However, we cannot do so because the issue is subject matter jurisdiction. "In *Dix v. Dix*, 132 Ga. 630 (64 SE 790) (1909), our Supreme Court stated with regard to OCGA § 15-1-2 that it is rudimentary law that parties can not, by consent express or implied, give jurisdiction to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and can not be given additional power or jurisdiction by consent of the parties or by waiver. . . . [A]n inability to confer jurisdiction over subject-matter upon a court, by consent or waiver, has been generally recognized and applied. . . . Subject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." (Citations, punctuation and emphasis omitted.) *Apparel Resources Intl. v. Amersig Southeast*, 215 Ga. App. 483, 484 (1) (451 SE2d 113) (1994). Because the probate court lacked jurisdiction to determine whether Mitchell owned the property, the superior court (where Mitchell should have filed a petition if he desired such a determination to be

made) did not have jurisdiction to decide the matter on appeal, and its lack of jurisdiction could not be waived by the siblings. Thus, that portion of the court's order which determined that Mitchell owned the property was in error.

3. The siblings also contend the trial court erred in finding an easement in favor of Mitchell. They contend that under OCGA § 44-9-1, an easement arising by prescription requires proof of uninterrupted use for at least seven years, and when the hearing was held in 1995, Mitchell could only show adverse use for six years. Citing *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993), the siblings also contend that the court erred because there was no evidence that Mitchell gave them notice of his adverse claim to the road.

We do not agree that Mitchell's siblings were never apprised of Mitchell's adverse claim to the road given his testimony about the repairs he made to the entire road. Id. However, that is not the determinative factor. The statute requires "uninterrupted use" of the easement for seven years, and Mitchell's testimony that the siblings began obstructing his use in 1991 precludes such finding. As noted by the probate court, Mitchell could have sought the establishment of an easement because it was "necessary to the enjoyment of lands granted by the same owner. . . ." OCGA § 44-9-1. The evidence was clear that the father of this clan deeded the property upon which Mitchell's house was built as well as the land upon which the road ran. Likewise, there was ample evidence that the road was Mitchell's only means of ingress and egress to and from his home. *Jones v. Mauldin*, 208 Ga. 14, 15 (1) (a) (64 SE2d 452) (1951). However, unlike *Mauldin*, where the plaintiff claimed the obstruction constituted a nuisance rather than seeking its removal as an obstruction, relief under OCGA § 44-9-59 may be provided only when the private way arose by prescription. *Clark v. Anderson*, 52 Ga. App. 500 (2) (183 SE 852) (1936). Thus, the probate court could not have ordered the obstruction removed, and consequently, the superior court had no authority on appeal to establish an easement and order the removal of the gate. Accordingly, that portion of the court's order was also in error.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 14, 1996.

*Haygood, Lynch, Harris & Melton, C. Robert Melton*, for appellants.

*Martin & Martin, Karen K. Martin*, for appellee.