**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11842

Non-Argument Calendar

_____

KEVIN L. SHEHEE,

*Plaintiff-Appellant,*

*versus*

DIANA ANN LYNCH,

DIANA LYNCH AMENDED AND RESTATED LIVING TRUST,

LYNCH LAW GROUP, INC.,

  a Georgia Business Corporation,

LYNCH LAND, HOLDINGS, LLC,

  a Georgia Limited Liability Company,

TEMPAT SALA, LLC.,

  a Georgia Limited Liability Company, et al.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-04506-VMC

———————————————

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Kevin Shehee, proceeding pro se on appeal, appeals the district court's order denying him leave to amend his complaint, filed pursuant to Federal Rules of Civil Procedure 59 and 60. Shehee's complaint brought suit against several individuals and entities involved in a plan Shehee had invested in to develop land in the Dominican Republic. On appeal, he argues that the district court abused its discretion by denying him leave to amend on futility grounds since his proposed amended complaint would have cured the deficiencies the court's Rule 12(b)(6) order of dismissal noted as to seven counts in his complaint. After careful review, we affirm.

We generally review the denial of a motion to amend a complaint for abuse of discretion, while we review de novo the legal conclusion of whether a particular amendment to the complaint would have been futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). A district court does not abuse its discretion in denying leave to amend when amendment would have been futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

Once the district court has dismissed the plaintiff's complaint and entered a final judgment in favor of the defendant, leave to amend under Rule 15(a) "has no application." *U.S. ex rel. Atkins*

*v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). Instead, "[p]ost-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Id.* A district court need not allow amendment in the event of undue delay, bad faith, repeated failure to cure deficiencies, where amendment would cause undue prejudice to the opposing party, or where amendment would be futile. *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1286 (11th Cir. 2025).

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This means that a plaintiff "does not need detailed factual allegations," but he must provide grounds for an entitlement to relief that consist of more "than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

We hold pro se pleadings to a less stringent standard than formal pleadings drafted by lawyers and liberally construe them. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, the leniency afforded pro se litigants with liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (citation modified). Additionally,

"issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (citation modified). An appellant abandons a claim when, for example: (a) he makes only passing reference to it, (b) raises it in a perfunctory manner without supporting arguments and authority, (c) refers to it only in the "statement of the case" or "summary of the argument," (d) refers to the issue as mere background to his main argument, or (e) raises it for the first time in his reply brief. *Id.* at 681–83.

Under § 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission ("SEC") Rule 10b-5, it is unlawful for an individual to "use or employ . . . any manipulative or deceptive device" in connection with the purchase or sale of a security. 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. To state a claim of securities fraud under these provisions, a plaintiff must allege "(1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the loss." *Mizarro v. Home Depot, Inc.*, 544 F.3d 1230, 1236–37 (11th Cir. 2008). For a Rule 10b-5 claim to survive a Rule 12(b)(6) motion to dismiss, it must satisfy the standard federal notice pleading requirements, the special fraud pleading requirements in Rule

9(b), *and* the additional pleading requirements imposed by the Private Securities Litigation Reform Act ("PSLRA"). *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Beyond Rule 8's notice pleading standards, Rule 9(b) requires a plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) further requires the plaintiff to plead: (1) precisely what statement or omissions were made in which documents or oral representations; (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. *FindWhat Investor Grp.*, 658 F.3d at 1296. "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Id.* (citation modified).

The PSLRA also requires a Rule 10b-5 claim predicated on false or misleading statements or omissions to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). And when a Rule 10(b)-5 claim includes scienter as an element, "with respect to each act or omission alleged to violate this chapter, [the plaintiff shall] state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* § 78u-4(b)(2)(A).

The Georgia Uniform Securities Act makes it "unlawful for a person to offer or sell a security in [Georgia] unless: (1) The security is a federal covered security; (2) The security, transaction, or offer is exempted from registration under Code Sections 10-5-10 through 10-5-12; or (3) The security is registered under this Chapter." O.C.G.A. § 10-5-20. Additionally, a claim brought under O.C.G.A. § 10-5-58(b) provides for liability if:

> the person sells a security in violation of Code Section 10-5-20, or, by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading, the purchaser not knowing the untruth or omission and the seller not sustaining the burden of proof that the seller did not know and, in the exercise of reasonable care, could not have known of the untruth or omission.

*Id.* § 10-5-58(b).

Under Georgia law, a breach of fiduciary duty claim has three elements: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *King v. King*, 69 F.4th 738, 743 (11th Cir. 2023) (quoting *Ray v. Hadaway*, 811 S.E.2d 80, 84 (Ga. Ct. App. 2018)). As for the Georgia tort of common law fraud, it has five essential elements:

> (1) that the defendant made the [fraudulent mis]representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff

> justifiably relied on such representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

*GCA Strategic Inv. Fund, Ltd. v. Joseph Charles & Assoc., Inc.*, 537 S.E.2d 677, 681–82 (Ga. Ct. App. 2000) (citation modified). A claim of conversion under Georgia law is "the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's right." *Swish Mfg. Southeast v. Manhattan Fire & Marine Ins. Co.*, 675 F.2d 1218, 1219 (11th Cir. 1982) (citation modified). To establish a claim of conversion, a plaintiff "must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Trey Inman & Assoc., P.C. v. Bank of Am., N.A.*, 702 S.E.2d 711, 716 (Ga. Ct. App. 2010) (citation modified).

The federal Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). RICO provides a civil cause of action for "any person injured in his business or property by reason of the conduct of a qualifying enterprise's affairs through a pattern of acts indictable as mail fraud." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (quoting *Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639, 647 (2008)). A civil RICO claim requires the plaintiff

to "plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). "[I]ndependently chargeable instances of mail or wire fraud cannot constitute a 'pattern of racketeering activity' when they arise from a single transaction." *Id.* at 1216. In addition, "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation" under § 1962. 18 U.S.C. § 1964(c).

Georgia law similarly makes it "unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." O.C.G.A. § 16-14-4(a). To state a RICO claim under Georgia law, a plaintiff must allege that (1) "the defendants violated or conspired to violate the RICO statute," (2) "that as a result of this conduct the plaintiff has suffered injury," and (3) "that the defendant's violation of or conspiracy to violate the RICO statute was the proximate cause of the injury." *Wylie v. Denton*, 746 S.E.2d 689, 693 (Ga. Ct. App. 2013). A "'pattern of racketeering activity' means that there have been at least two acts of racketeering that are interrelated and that were done in furtherance of one or more incidents, schemes, or transactions." *Id.* (citation modified). Under Georgia law, if the predicate acts for a

Georgia RICO claim are based on mail or wire fraud, "the circumstance[s] constituting fraud or mistake shall be stated with particularity" in the complaint, and the complaint must also "include such matters as the time, place, and content of the alleged misrepresentations, as well as who made the alleged misrepresentations and to whom." O.C.G.A. § 9-11-9(b); *Bazemore v. U.S. Bank Nat'l Assoc.*, 872 S.E.2d 491, 498 n.6 (Ga. Ct. App. 2022).

Here, we begin by noting that Shehee does not challenge the district court's underlying order of dismissal. Instead, he challenges only the court's subsequent order that denied Shehee's motion for leave to file an amended complaint, which the district court determined would have been futile. We cannot say that the district court abused its discretion in denying him leave to amend.

In the underlying order of dismissal, the district court described the deficiencies for each of Shehee's seven counts; nevertheless, in his proposed amended complaint, he failed to correct these deficiencies. So, for example, in Count One, which sought to allege a violation of § 10(b) of the Securities Exchange Act and SEC Rule 10b-5, the proposed amended complaint merely claimed that all of the defendants but one signed a corporate resolution on behalf of Tempat Sala, LLC to purchase land for the benefit of Tempat Sala Samana Bay Development, SRL and that the defendants intentionally created the Dominican company to deprive him of his investment interest. Yet these allegations failed to "specify each statement alleged to have been misleading[ or] the reason or reasons why the statement [was] misleading." 15 U.S.C. § 78u-4(b)(1).

The proposed complaint also made conclusory allegations under a "Made With Scienter" subheading, claiming that the defendants intentionally incorporated Tempat Sala Samana Bay Development, SRL to deprive Shehee of his financial interest in the proposed real estate development and claimed that the defendants "inten[ded] to take full control of the corporation" without Shehee. These allegations still failed to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id*. § 78u-4(b)(2)(A).

As for Count Two, which sought to allege a violation of the Georgia Uniform Securities Act, the proposed amended complaint alleged that Shehee flagged securities compliance issues with the defendants and that he encouraged his relatives to invest in Tempat Sala, LLC. However, it did not plausibly state how the defendants violated the statute; among other things, it failed to identify which securities he or his relatives bought or sold, from whom they were bought, or how they were unlawfully sold. *See* O.C.G.A. §§ 10-5-20, 10-5-58(b). As for Count Three, which sought to allege a breach of fiduciary duty, Shehee's proposed amended complaint did not allege a breach or any harm, stating only that one of the defendants, Diana Lynch, carbon copied Shehee on an e-mail and cancelled his corporate e-mail address. *See King*, 69 F.4th at 743. As for Count Four, which sought to allege common law fraud and deceit, he failed to state "precisely what statements or omissions were made in which documents or oral representations" as well as "the person responsible for making . . . them." *FindWhat Investor Grp.*, 658 F.3d at 1296; Fed. R. Civ. P. 9(b). As for Count Five, which sought to

allege conversion, his proposed amended complaint merely rein-corporated prior paragraphs in the complaint and conclusorily as-serted that they supported his claim, inadequately providing only "a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. As for Count Six, which sought to allege a federal RICO violation, Shehee's proposed amended complaint failed to state any predicate acts to establish a "pattern of racketeering activity." *Cisneros*, 972 F.3d at 1211, 1216; 18 U.S.C. §§ 1962, 1964(c). As for Count Seven, which sought to allege a Georgia RICO violation, Shehee merely "incorporate[d] and restate[d]" prior paragraphs in his proposed amended complaint, thereby failing to satisfy Rule 9(b)'s height-ened pleading requirement, to clarify which misrepresentations or material facts he relied on, or to allege mail and wire fraud with particularity. Fed. R. Civ. P. 9(b); O.C.G.A. § 9-11-9(b); *Bazemore*, 872 S.E.2d at 498 n.6.

In short, because all of the counts in Shehee's proposed amended complaint still would have been subject to dismissal for failure to state a claim, the district court did not abuse its discretion in denying him leave to amend as futile. We need not reach Shehee's remaining arguments. To the extent he challenges the defendants' motion for sanctions under Rule 11, this argument is of no moment because the district court dismissed both parties' motions for sanctions. Further, to the extent he argues in his reply brief that the defendants used "hallucinated content" in their plead-ings, he abandoned this argument by failing to raise it properly in his initial brief before our Court. *Sapuppo*, 739 F.3d at 681–83.

**AFFIRMED.**