[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13909

_____

ALICIA BROWN,
Individually and on behalf of all others similarly situated
who consent to their inclusion in a Collective Action,

Plaintiff-Appellant,

TINA KHOURI,

Plaintiff,

versus

NEXUS BUSINESS SOLUTIONS, LLC,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cv-01679-ELR

————————————

Before WILLIAM PRYOR, Chief Judge, GRANT, and ANDERSON,
Circuit Judges.

GRANT, Circuit Judge:

The Fair Labor Standards Act generally requires employers to pay their employees more for working over 40 hours per week. 29 U.S.C. § 207(a)(1). But it also contains exceptions. The overtime provisions do not apply, for example, to employees working in "a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1).

The plaintiffs here are "business development managers," tasked with persuading corporate customers to purchase General Motors vehicles for their fleets. Because this task often requires over 40 hours of effort per week, the employees argue that they are entitled to overtime compensation. They are not. Because these workers exercise discretion in the performance of business development tasks, they fall within the administrative exemption of the Fair Labor Standards Act. We therefore affirm the district court's grant of summary judgment to their employer below.

## I.

About nine years ago, General Motors launched "Operation Conquest"—an initiative aimed at increasing business for its dealerships and enlarging the market share of its vehicles. The plan involved recruiting business development managers who would "hunt and conquest [sic] commercial business from primary automotive competitors" through "direct contact with prospective conquest customers" who maintain mid-size fleets. In other words, the new recruits specialized in finding new corporate customers and persuading them to purchase GM vehicles. Business development managers were told to "research and qualify prospects, make customer presentations and transition sales opportunities to GM dealers." (Emphasis omitted). Each was expected to be a "facilitator and liaison" between customers and dealerships by developing "business leads and opportunities." But they had no authority to quote binding prices or close sales themselves. Only authorized dealerships could do that.

Although General Motors provided data and resources for the business development managers to use, it outsourced their actual hiring to Nexus Business Solutions; all of that firm's revenue came from staffing Operation Conquest. Nexus also managed the business development managers and evaluated them on a monthly basis. The evaluation accounted for initial meetings, presentations, new accounts resulting in a GM vehicle purchase, and vehicles ordered by or delivered to customers. And because Nexus offered bonuses for good results, it is no surprise that workweeks longer

than 40 hours were common.  Business development managers were instructed that more time working would result in more business—the message was that there was "no such thing as too much."

Perhaps chafing at this approach, a group of the employees filed a collective action suit against Nexus, alleging overtime violations of the Fair Labor Standards Act.  In response, Nexus asserted that the Act's maximum hour provisions do not apply because the business development managers are covered by several statutory exemptions—namely those for administrative employees, outside salespeople, and auto sales employees.  Both parties moved for summary judgment.  The district court granted Nexus's motion, concluding that the business development managers fell under the administrative exemption.[1]    The employees now appeal.

## II.

We review an appeal from summary judgment de novo. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1310 (11th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[1] The district court declined to decide whether the outside sales exemption applied because it concluded that "genuine issues remain[ed] regarding several material facts" necessary to making that determination.  The court rejected the argument that the auto sales exemption applied, and Nexus did not appeal that issue.

to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). We view the evidence in the light most favorable to the nonmoving party, and we draw "all justifiable inferences" in that party's favor. *Id.* (quotation omitted). Whether an exemption of the Fair Labor Standards Act applies is "a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974).

## III.

Under the Fair Labor Standards Act, employees who work over 40 hours per week are generally entitled to time-and-a-half compensation for overtime. 29 U.S.C. § 207(a)(1). But not all workers qualify—the statute exempts employees working in "a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). This provision is often referred to in shorthand as the administrative exemption.

To decide who falls within this exemption, the Department of Labor uses a three-pronged test. An employee is an administrative worker if (1) her salary exceeds the minimum established by the regulation, (2) she mainly performs "office or non-manual work directly related to the management or general business operations of the employer" or its customers, and (3) her "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The employees do not dispute that the first two prongs are satisfied here. But they argue that their jobs do not

satisfy the third—the requirement that they exercise discretion and independent judgment with respect to matters of significance.

To be sure, many jobs do not. Only those employees who engage in "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered," make the cut. *Id.* § 541.202(a). Whether an employee exercises the required level of discretion is ultimately a holistic determination, but several factors guide the inquiry. *Id.* § 541.202(b). Employees that satisfy the discretion prong of the test have the "authority to make an independent choice, free from immediate direction or supervision," even though their choices may still be subject to review, revision, or reversal. *Id.* § 541.202(c). The work must involve "more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources"; it cannot be "mechanical, repetitive, recurrent or routine." *Id.* § 541.202(e). And finally, the work must relate to "matters of significance," which "refers to the level of importance or consequence of the work performed." *Id.* § 541.202(a).

The employees argue that their work for Nexus was too restricted and repetitive to allow for meaningful discretion. They describe their jobs as asking "pre-determined questions," following "literal scripts," "regurgitat[ing]" pre-approved phrases, and using "canned presentation materials" with little or no deviation on their part. (Emphasis omitted). Though they "made minor, ad hoc decisions about the minutiae of how they would pursue an

individual potential customer" and "minor adjustments" along the way, the employees argue, these choices had a de minimis effect on their performance.

We are not persuaded. A worker need not have "limitless discretion" or a total lack of supervision to qualify as an administrative employee. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 627 (11th Cir. 2004). And as the district court observed, the employees here "had a hand in choosing which leads to develop, performed customized research before meeting with selected leads, and delivered presentations that necessarily required some amount of customization." In their own words, the "primary role" of the business development managers is to "develop business leads and opportunities for the dealerships." Each business development manager acts as a "'facilitator and liaison' between the customer and the dealerships," and the focus of the job is "developing those new relationships and bringing them to the dealer." Business development managers, it seems, are tasked with building relationships and developing leads—enterprises that require creative thinking and tailoring to each individual customer.

In carrying its burden to show that the administrative exemption applies, Nexus points to ample record evidence that business development managers exercised discretion in their job pursuits. One employee testified that even though he was given a particular set of steps to follow, he would choose to go "out of order" so he could do "whatever would be best for the customer, whatever is easiest for them, whatever is going to minimize the

barriers of entry." The employees offered testimony affirming the need to "discern" the needs of corporate customers, provide "customized" presentations, and "specifically depict information to the client based on their understanding." That flexibility is part of the business model; the Fleet Training Guide for business development managers invites each one to "[d]ecide for yourself and for each presentation" how best to deal with questions that arise and to "[a]nticipate questions in advance and prepare responses" before speaking with potential customers.

In a bid to escape the administrative exemption, the employees contend that even if they do have some level of discretion, it is limited and does not apply to "matters of significance." Citing cases from district courts in other circuits, they assert that "an exercise of discretion that *impacts or affects* a matter of significance is not exercising discretion *with respect to* a matter of significance." *See Ahle v. Veracity Rsch. Co.*, 738 F. Supp. 2d 896, 908 (D. Minn. 2010); *see also Calderon v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 428, 442 (D. Md. 2012).

That strained distinction is not found in the law of this Circuit, and it does not match up with these facts in any event. Exercising discretion over how to secure new customers for General Motors is undoubtedly a "matter of significance" from the perspective of Nexus, whose entire business model is supplying employees for GM's Operation Conquest program. The discretion exercised by business development managers goes straight to the heart of GM customer recruitment efforts—and straight to the core

service that Nexus provides.  In contrast, jobs where an employee's discretion lacks the necessary connection to "matters of significance" generally affect an employer's operations less directly; examples include messengers carrying money or operators of expensive equipment.  29 C.F.R. § 541.202(f).  Those workers perform only relatively routine tasks—a far cry from the day-to-day exercise of business judgment required here.  The business development managers' attempt to fit themselves into the shoes of these other workers cannot succeed.  It simply does not work.

In short, the business development managers in this case are covered by the administrative exemption in the Fair Labor Standards Act.  We therefore need not address the issue of whether they also fall within the outside sales exemption, and we **AFFIRM** the district court's grant of summary judgment.