[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14565

_____

ELKIN KING,

Plaintiff-Appellant,

*versus*

FORREST KING, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cv-01427-BJD-MCR

_____

Before WILSON, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Elkin King ("Elkin") brought a diversity suit[1] against his former stepfather, Forrest King, Jr. ("Forrest"), alleging that Forrest owed him a fiduciary duty to disclose the existence of certain Settlement Funds arising from the wrongful death of Elkin's biological father. We previously certified three questions to the Supreme Court of Georgia regarding Elkin's breach of fiduciary duty for failure to disclose claim. With the benefit of their response, we now vacate the District Court's grant of summary judgment to Forrest on the failure to disclose claim and remand the matter for further proceedings.

## I.

The facts of this case, as reproduced from our previous opinion certifying questions to the Supreme Court of Georgia, are as follows:

> On September 6, 1985, Elkin's biological father, Elkin Simpson, Sr., was killed in a plane crash. Elkin, then named Elkin Simpson, Jr., was approximately seven years old. At the time of his death, Elkin Simpson, Sr., was in the process of divorcing Elkin's mother, Peggy, but a final divorce decree had not yet been entered. *See Simpson v. King*, 383 S.E.2d 120, 121 (Ga. 1989) (further describing Elkin Simpson, Sr.'s marital and relationship status at the time of his

---

[1] *See* 28 U.S.C. § 1332.

death).  Accordingly, Peggy filed a wrongful death suit against the airline company as a surviving spouse on behalf of herself and Elkin.  *See* O.C.G.A. § 51-4-2 (1991).  In 1989, when Elkin was approximately eleven, Peggy and the airline company reached a settlement agreement from which at least $200,000 was set aside for Elkin's benefit ("the Settlement Funds").  Peggy's attorney, Glover McGhee, suggested that the Settlement Funds should be placed in an account in her then-husband Forrest's name.  Peggy agreed, and so the Settlement Funds check was made out to both Peggy and Forrest on behalf of Elkin.  Forrest then placed the Settlement Funds in a separate account entitled "Elkin's Account with Custodian of Forrest King" at Charles Schwab in Atlanta, Georgia.  The parties dispute whether Peggy was also a party to the account.  There is no evidence that a formal, written trust governing the use of these Settlement Funds ever existed.

Forrest and Peggy divorced in approximately February 1999, when Elkin was 20 years old.  The parties dispute whether Forrest turned over control of the account to Peggy following the divorce, but it is undisputed that Forrest's name was on the account until at least the divorce.  Apparently, the last of the Settlement Funds (approximately $50,000) was used by Peggy in around 2005 as a down payment for a

condominium she purchased in Louisiana. Elkin testified in a deposition that he first learned about the Settlement Funds in 2017 from his maternal grandfather. Elkin also testified that he would have taken control of the Settlement Funds had he known about them when he was 18. Forrest, meanwhile, testified in a deposition that he informed Elkin about the existence of the Settlement Funds when Elkin was around 17 or 18 years old.

On November 30, 2018, Elkin sued Forrest in the Middle District of Florida. In his amended complaint, Elkin alleged that Forrest converted Elkin's Settlement Funds and that Forrest breached fiduciary duties to Elkin under Georgia law because he (1) "failed to disclose and concealed the fact of the settlement" and (2) "failed and refused to account for [the Settlement Fund] proceeds or to pay the proceeds to [Elkin]." In his answer, Forrest responded by raising the statute of limitations as an affirmative defense. Following discovery, Forrest moved for summary judgment on October 14, 2019, on both his statute of limitations defense and on the merits. In turn, Elkin moved for partial summary judgment on his claims on March 30, 2020. On August 24, 2020, the District Court granted summary judgment for Forrest on the merits, holding (1) that a jury could find that Forrest and Elkin were in a confidential relationship under

Georgia law and so the statute of limitations could be tolled; (2) that Forrest did not convert the Settlement Funds because he used them only for Elkin's benefit; and (3) that if Forrest did owe Elkin a fiduciary duty under Georgia law, it was only to "ensure the Settlement Funds were used to [Elkin]'s benefit," which Forrest did.

*King v. King, Jr.*, 46 F.4th 1259, 1262–63 (11th Cir. 2022) (per curiam) (footnotes omitted).

Elkin filed a motion for reconsideration under Federal Rules of Civil Procedure 59(e)[2] and 60(b).[3]  Elkin argued, primarily, that (1) the District Court had failed to consider the growth of the Settlement Funds while invested in the Charles Schwab account, and (2) that the Court failed to consider his failure to disclose argument. The District Court rejected both arguments and denied Elkin's motion.  With respect to the second argument, the Court found that

---

[2] Rule 59(e) allows a district court to alter or amend a judgment if a motion is filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e). The only grounds for granting a motion to alter or amend a judgment are newly discovered evidence or manifest errors of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

[3] Rule 60(b) allows relief from a final judgment, order, or proceeding on the basis of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, fraud, because the judgment is void, because the judgment has been satisfied, released or discharged, or for any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Elkin had not sufficiently pleaded a breach of fiduciary duty premised on a failure to disclose, and that even if he had, "a failure by Defendant to disclose the existence of the settlement funds does not alter whether Defendant used the settlement funds for Plaintiff's benefit."

Elkin timely appealed to this Court. In our earlier opinion, we held that the District Court correctly granted Forrest summary judgment on the claim that he breached his fiduciary duty to Elkin by misusing the Settlement Funds. *King*, 46 F.4th at 1263–64 n.4. We further held that Elkin had forfeited his conversion claim by not raising it on appeal. *Id.* Finally, though the District Court held that Elkin had not alleged breach of fiduciary duty claim based on a failure to disclose, we found that "Elkin's short and plain statement describing his failure to disclose claim was expressly incorporated into the breach of fiduciary duty section of his amended complaint. Forrest thus had fair notice of Elkin's failure to disclose claim." *Id.* at 1263 n.3 (internal quotation marks and citations omitted).

With respect to Elkin's failure to disclose claim, we certified the following three questions to the Supreme Court of Georgia:

(1) If a confidential relationship creates a duty to disclose which, if breached, would constitute fraud sufficient to toll the statute of limitations, would that duty to disclose also support a breach of fiduciary duty tort claim under Georgia law?

(2) If so, may an adult fiduciary in a confidential relationship with a minor beneficiary without a written agreement discharge his duty to disclose by disclosing solely to the minor's parents or guardians?

(3) If the adult fiduciary does have an obligation to disclose to the minor beneficiary directly without a written agreement, when must the adult fiduciary disclose or redisclose to the minor beneficiary?

*Id.* at 1267.

## II.

The only claim left for us to resolve is whether the District Court erred when it granted Forrest summary judgment on Elkin's breach of duty for failure to disclose claim. With the benefit of the Supreme Court of Georgia's answer to our first question, we now do so.

We review grants of summary judgment de novo. *Brown v. Nexus Bus. Sols., LLC*, 29 F.4th 1315, 1317 (11th Cir. 2022). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). On summary judgment review, we view all evidence in "the light most favorable to the nonmoving party" and draw "all justifiable inferences in that party's favor." *Id.* at 1317–18 (internal quotation marks omitted).

As we previously stated, it appears as though Elkin had a right to control the Settlement Funds when he turned 18. *King*, 46 F.4th at 1264–65 (citing O.C.G.A. § 19-7-1(a)). We continue to agree with the District Court that "a reasonable jury could find Defendant assumed a fiduciary or confidential relationship with respect to Plaintiff and the Settlement Funds." [**Doc. 71 at 7**] It remains true that "when a confidential relationship exists, the failure to disclose a material fact constitutes fraud for purposes of tolling the statute of limitations." *King*, 46 F.4th at 1265 (citing O.C.G.A. § 23-2-53; *Doe v. Saint Joseph's Catholic Church*, 870 S.E.2d 365, 371 (Ga. 2022)).

The Supreme Court of Georgia provided guidance as to whether the same breach of a duty to disclose a material fact in the context of a confidential relationship—which constitutes fraud sufficient to toll the statute of limitations—would also support a breach of fiduciary duty tort claim under Georgia law. To begin, the Supreme Court of Georgia stated that "while all fiduciary relationships are confidential in nature, only some confidential relationships are fiduciary relationships." *King v. King, Jr.*, -- S.E.2d – (Ga. 2023), 2023 WL 3468616 at *3.

In determining whether a confidential relationship is also a fiduciary relationship, "the guiding principle is that the fiduciary has a duty to act with the utmost good faith" and "a failure to act with the utmost good faith constitutes a breach of fiduciary duty." *Id.* The Court went on to say that when a party to a confidential relationship has a duty to disclose and breaches that duty in a

manner sufficient to toll the statute of limitations, "such a breach could violate a fiduciary's duty of utmost good faith." *Id.* The Court recently reiterated that standard in *Doe*. *See Doe*, 870 S.E.2d at 371 ("To benefit from tolling under OCGA § 9-3-96, [a plaintiff] must first establish . . . actual fraud. Doing so requires a showing of . . . a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence.") (internal quotation marks and citations omitted).

Put simply, we asked: "If a confidential relationship creates a duty to disclose which, if breached, would constitute fraud sufficient to toll the statute of limitations, would that duty to disclose also support a breach of fiduciary duty tort claim under Georgia law?" And the Supreme Court of Georgia answered: "[I]f the parties in a confidential relationship are also in a fiduciary relationship, a fraudulent breach of the duty to disclose would support a breach-of-fiduciary duty tort claim under Georgia law." *King*, 2023 WL at *3. The question, then, is whether Elkin and Forrest were in a fiduciary relationship. The District Court already held that a reasonable jury could find that they were.

A breach of fiduciary duty claim under Georgia law has three elements: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Ray v. Hadaway*, 811 S.E.2d 80, 84 (Ga. Ct. App. 2018) (internal quotation marks omitted). Ultimately, the District Court was correct in finding that a reasonable jury could find a fiduciary relationship existed between Elkin and Forrest. The Court erred, however, in

holding that "if a fiduciary duty did exist, it was merely to ensure that Settlement Funds were used for [Elkin's] benefit," [**Doc. 71 at 11**] because the Supreme Court of Georgia found that violating a duty to disclose within a fiduciary relationship can also constitute a breach of fiduciary duty. And "the issue of the existence of a fiduciary relationship is a question for the jury unless there is a complete absence of evidence of such a relationship." *Levine v. SunTrust Robinson Humphrey*, 740 S.E.2d 672, 683 (Ga. Ct. App. 2013).

Under Georgia law, the same breach of a duty to disclose that would toll the statute of limitations can also support a breach of fiduciary duty tort claim. The District Court should only have granted Forrest summary judgment if there was no genuine dispute as to any material fact regarding the tort claim and Forrest was entitled to judgment as a matter of law, viewing all evidence and making all inferences in the light most favorable to Elkin. Viewing the record in that light, a reasonable jury could find the following facts at trial:[4] (1) Elkins and Forrest were in a confidential or fiduciary relationship such that, under Georgia law, the statute of limitations could be tolled and a claim for breach of fiduciary duty could be supported; (2) at the time Elkin turned 18, at least $50,000 of the Settlement Funds remained in the Charles Schwab account; (3) Elkin had a right to take control of the Settlement Funds when he turned 18; (4) Forrest had a duty to disclose the existence of the Settlement Funds and turn over control of those

---

[4] To be clear, that is not to say that a jury necessarily *will* find these facts at trial. Just that a reasonable jury *could*.

funds to Elkin when he turned 18; (5) Forrest failed to do so; and (6) Elkin would have taken control of the funds when he turned 18.

As such, summary judgment was inappropriate, and we vacate the District Court's order with respect to that claim.

**VACATED AND REMANDED.**