[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13912

Non-Argument Calendar

_____

JEAN ANGLIN,

Plaintiff-Appellant,

GENE ANGLIN,

Intervenor Plaintiff-Appellant,

*versus*

BI LO, LLC,
d.b.a. Winn Dixie Store Number 19,

Defendant-Cross Claimant-Appellee,

ASSA ABLOY ENTRANCE SYSTEMS US INC.,
STANLEY ACCESS TECHNOLOGIES, LLC,

                                    Defendants-Cross Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:21-cv-00014-LGW-BWC

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jean Anglin fell after automatic sliding doors at the Winn Dixie store on St. Simons Island, Georgia, closed on her. Jean Anglin—joined by her husband Gene Anglin—brought various tort claims against three different parties: BI LO, LLC (BI-LO); Assa Abloy Entrance Systems US Inc. (Assa Abloy); and Stanley Access Technologies, LLC (Stanley) (collectively "the defendants").[1] The district court entered summary judgment in favor of each defendant. The Anglins argue that the district court

---

[1] Since the plaintiffs in this case share a last name, this opinion uses the full name of each person to distinguish each plaintiff from the other.

improperly granted summary judgment based on unverified inter-rogatories.  After a careful review of the record, we **AFFIRM**.

## I.    Background

We assume the parties are familiar with the facts and so briefly summarize those elements of this case.  On June 24, 2020, Jean Anglin visited a Winn Dixie store on St. Simons Island, Georgia.  Jean Anglin purchased her food, unloaded the groceries in her vehicle, and walked back into the store to return her cart.  As she exited through the entryway, the automatic sliding doors began to shut.  The doors struck Jean Anglin on her right hip and lower back, causing her to fall to the ground.  This fall caused severe fractures to her left ankle.  Jean Anglin went to the hospital and underwent multiple surgeries on her ankle.  Following those operations, Jean Anglin spent several months in recovery at a hospital and inpatient facility center.

The Anglins sued the defendants alleging various tort claims.  First, Jean Anglin brought failure-to-warn and negligence claims against BI-LO.  Next, Jean Anglin brought a strict liability claim and a claim alleging negligent installation, repair, and mainte-nance against Assa Abloy.  Then, Jean Anglin brought a negligence claim against Stanley.  Finally, Gene Anglin brought a loss of con-sortium claim, which is a derivative claim in Georgia.  After discov-ery, each defendant moved for summary judgment.

The district court concluded that although a genuine issue of material fact existed as to whether BI-LO operates the relevant Winn Dixie store, BI-LO was entitled to summary judgment on

Jean Anglin's negligence and failure-to-warn claims. No evidence indicated the doors closed on anyone before this incident. Further, BI-LO conducted daily safety checks and performed maintenance around five months prior to the incident. Also, the Winn Dixie store placed manufacturer-required warning stickers on both sides of the doors. Jean Anglin did not present any evidence of 1) a defect or malfunction in the door, or 2) BI-LO's actual or constructive knowledge of any issue with the doors.

The district court granted summary judgment in favor of door manufacturer Assa Abloy on both the strict liability and negligence claims. First, Jean Anglin's strict liability claim was time barred. Georgia has a ten-year statute of repose for strict liability claims brought against product manufacturers. Undisputed evidence indicated the doors were installed twelve years before the incident. Regarding the negligence claims, evidence showed that Assa Abloy did not help install the doors. Further, Assa Abloy's final recorded service of the doors preceded the incident by over a year, and two other companies provided maintenance services during that intervening time.

The district court granted summary judgment in favor of maintenance provider Stanley on Jean Anglin's negligence claims. The district court found nothing in the record to support a causal link between Stanley's work and the doors closing.

Because Jean Anglin's claims failed, the district court found that Gene Anglin's derivative claim failed. The Anglins timely appealed.

## II.       Standard of Review and Applicable Law

This court reviews grants of summary judgment de novo. *King v. King*, 69 F.4th 738, 742 (11th Cir. 2023) (per curiam). "On summary judgment review, we view all evidence in 'the light most favorable to the nonmoving party' and draw 'all justifiable inferences in that party's favor.'" *Id.* (quoting *Brown v. Nexus Bus. Sols., LLC*, 29 F.4th 1315, 1317–18 (11th Cir. 2022)). If, after conducting this review, the movant has shown "that there is no genuine dispute as to any material fact," then "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Because this tort case originated in Georgia and comes to this court by way of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), we are required to apply the substantive law of Georgia. *See Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023).

## III.       Arguments on Appeal

As an initial matter, Jean Anglin has abandoned her challenge to the district court's grant of summary judgment in favor of Stanley. An appellant who does not "challenge properly on appeal one of the grounds on which the district court based its judgment" abandons any challenges on that ground. *Sapuppo v. Allstate Floridians Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Abandonment occurs when an appellant "makes only passing references" or fails to use "supporting arguments and authority" on an issue. *Id.* at 681. The Anglins make no argument in their initial brief on how the district court erred in granting summary judgment in favor of

Stanley. Instead, the Anglins only mention Stanley in their facts section. Thus, the Anglins abandoned their claim against Stanley on appeal.

The Anglins raise two arguments on appeal. First, the Anglins argue that the district court improperly shifted the burden of proof to the plaintiffs before the defendants showed they were entitled to summary judgment. The party that moves for summary judgment bears the initial burden of establishing that there is no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the movant meets that burden, the burden shifts to the nonmovant who must "present affirmative evidence" of a genuine issue of material fact. *Id.* at 257. The record indicates that the district court properly shifted the burden to the Anglins after the defendants showed there were no genuine issues of material fact.

Next, the Anglins argue that the district court improperly relied on unverified interrogatory responses when deciding to grant summary judgment in favor of BI-LO and Assa Abloy. The Anglins' brief does not identify which unverified interrogatories the district court relied on or how they were used relative to each defendant.[2] Below, we discuss each defendant in turn.

---

[2] The Anglins filed a reply brief on June 22, 2023. The Clerk's office issued a notice saying the brief was untimely and deficient because it lacked both a Table of Contents and Table of Citations. The Anglins did not refile that brief or seek leave to file the brief out of time. We did not consider that brief when reviewing this appeal.

First, the Anglins argue that the district court relied on unverified interrogatories submitted by BI-LO to support its motion for summary judgment.  The district court addressed these concerns by explaining that "interrogatory answers" are a type of material parties can use to support motions for summary judgment.  Fed. R. Civ. P. 56(c).  We have explained that "evidence does not have to be authenticated or otherwise presented in an admissible form to be considered at the summary judgment stage, 'as long as the evidence could ultimately be presented in an admissible form.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1156 n.2 (11th Cir. 2021) (quoting *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 429 (6th Cir. 2018)).  Here, the district court can and properly did consider interrogatory responses.

Even though BI-LO could use these interrogatories, BI-LO explained how it only used two of its own interrogatory answers in its statement of material facts.  First, it referenced interrogatories to determine who operated the Winn Dixie where Jean Anglin was hit.  Since the district court did not grant BI-LO summary judgment on those grounds, that reference is irrelevant on appeal.  Second, BI-LO referenced its interrogatories to show an absence of complaints about automatic doors at the Winn Dixie.  Several other materials supported the absence of complaints.

By merely mentioning "unverified interrogatories," the Anglins did not provide affirmative evidence related to either the failure-to-warn or negligence claims against BI-LO.  Ultimately, nothing in the Anglins' brief showed a genuine dispute of material fact

regarding the claims brought against BI-LO.  The district court properly granted summary judgment.

Second, the Anglins' brief mentions that the district court granted summary judgment to Assa Abloy on both the strict liability and negligence claims.  However, the Anglins only argue about strict liability.  By making a "passing reference" rather than a substantive argument about their negligence claims, the Anglins abandoned their negligent installation, repair, and maintenance claims against Assa Abloy.  *See Sapuppo*, 739 F.3d at 682.

As to the strict liability claim, the Anglins fail to demonstrate a genuine issue of material fact.  The dispositive issue for the strict liability claim was whether the ten-year statute of repose had tolled.  The district court relied on the deposition testimony of the Winn Dixie store manager to find that the automatic doors were installed in 2008.  Georgia has a ten-year statute of repose for strict liability claims brought against product manufacturers.  *See* O.C.G.A. § 51-1-11(b)(2).  Since the door was installed twelve years before the date of the accident, the statute of repose had completely tolled before this lawsuit commenced.  The Anglins' brief does not refute this claim with affirmative evidence. [3] As a result, the Anglins did not demonstrate a genuine issue of material fact on

---

[3] The Anglins' brief makes a short reference to a "control unit" installed by a subsidiary of Assa Abloy in 2018.  Since Jean Anglin had not mentioned this "control unit" earlier, the district court order does not reference it.  Jean Anglin cannot now "argue a different case from the case she presented to the district court." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998).

22-13912                Opinion of the Court                9

their remaining strict liability claim.  The district court properly granted summary judgment for Assa Abloy.

For the reasons discussed above, we affirm the district court's entry of summary judgment in favor of the defendants.

**AFFIRMED.**[4]

---

[4] Since we affirm the district court regarding all of Jean Anglin's substantive claims, Gene Anglin's derivative loss of consortium claim fails.