[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10101

Non-Argument Calendar

_____

ROBERT L. BELAIR,
Individually,
LORI N. BELAIR,
Individually,

Plaintiffs-Appellants,

*versus*

HOLIDAY INN CLUB VACATIONS INCORPORATED,
a foreign for-profit corporation,
f.k.a. Orange Lake Country Club, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00165-WWB-DCI

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal requires us to apply our recent decision in *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359 (11th Cir. 2024), to Lori and Robert Belair's timeshare agreement with Holiday Inn Club. We conclude that under *Holden*, the district court correctly granted Holiday's motion for summary judgment because the alleged inaccuracy was not objectively and readily verifiable. Accordingly, we affirm.

**I.**

The facts in *Holden* mirror the facts at issue here. Both sets of plaintiffs entered into their timeshare agreements and financed their purchases through Holiday. The agreements stated that the transaction would not close until the purchaser provided a certain number of monthly installment payments—here, twelve months—and Holiday recorded the deed in the purchaser's name. *See Holden*, 98 F.4th at 1363. The agreements also contained a provision that provided, in relevant part, that upon the purchaser's

default, "the parties hereto shall be relieved from all obligations hereunder." *Id.* at 1363–64.

The Belairs paid the first twelve months of monthly installments. Then, like the plaintiffs in *Holden*, the Belairs defaulted and believed the agreement was canceled. After learning that Holiday reported the remaining debt to Experian, a credit reporting agency, the Belairs sent letters to both entities contesting the debt. Holiday certified that the information was accurate. Consequently, the Belairs filed a lawsuit under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, alleging that Holiday inaccurately reported the debt and failed to reasonably investigate the alleged inaccuracy. The district court granted Holiday's motion for summary judgment, concluding that the FCRA permits claims based on factual disputes, not legal ones. The Belairs timely appealed.

## II.

A grant of summary judgment is reviewed *de novo*. *Id.* at 1365. A district court properly grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Brown v. Nexus Bus. Sols., LLC*, 29 F.4th 1315, 1317 (11th Cir. 2022).

## III.

The district court was correct to grant Holiday's motion for summary judgment, albeit for a different reason. "Whether the alleged inaccuracy is factual or legal is beside the point. Instead, what matters is whether the alleged inaccuracy was objectively and

readily verifiable." *Holden*, 98 F.4th at 1363. To succeed on their FRCA claim, the Belairs must establish two things: (1) they must "identify inaccurate or incomplete information that the furnisher provided to the reporting agency," and (2) they "must point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate," rendering the furnisher's investigation unreasonable. *Id.* at 1367 (cleaned up).

The information the Belairs alleged to be inaccurate "is not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer." *Id.* at 1368. Because the same contract is at issue here as in *Holden*, we conclude that the resolution of the "contract dispute is not a straightforward application of law to facts." *Id.* But the Belairs "are not without recourse"—they can still seek a declaration from a court that they no longer owe the timeshare debt. *See id*; *see also Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1221–22 (11th Cir. 2023) (Rosenbaum, J., concurring). "With that declaration in hand, [a consumer] would have a much stronger cudgel with which to force a furnisher to stop reporting [a] debt to a reporting agency." *Holden*, 98 F.4th at 1369 (quoting *Milgram*, 72 F.4th at 1222). We therefore conclude that the district court correctly granted Holiday's motion for summary judgment.

**IV.**

**AFFIRMED.**